**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| IN RE:<br><br>MV REALTY PBC, LLC, a Florida limited liability company,<br><br>    Debtor. | CASE NO. 23-17590-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY HOLDINGS, LLC, a Florida limited liability company,<br><br>    Debtor. | CASE NO. 23-17591-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV RECEIVABLES II, LLC, a Florida limited liabiity company,<br><br>    Debtor. | CASE NO. 23-17592-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV RECEIVABLES, III, LLC, a Florida limited liability company,<br><br>    Debtor. | CASE NO. 23-17593-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY PBC, LLC, a Pennsylvania limited liability company,<br><br>    Debtor. | CASE NO. 23-17596-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF SOUTH CAROLINA, LLC, a South Carolina limited liability company,<br><br>    Debtor. | CASE NO. 23-17600-MAM<br><br>CHAPTER 11 |

| IN RE:<br><br>MV REALTY OF NORTH CAROLINA, LLC, a North Carolina limited liability company,<br><br>    Debtor. | CASE NO. 23-17595-EPK<br><br>CHAPTER 11 |
|---|---|
| IN RE:<br><br>MV OF MASSACHUSETTS, LLC, a Massachusetts limited liability company,<br><br>    Debtor. | CASE NO. 23-17609-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF ILLINOIS, LLC, an Illinois limited liability company,<br><br>    Debtor. | CASE NO. 23-17608-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF ARIZONA, LLC, an Arizona limited liability company,<br><br>    Debtor. | CASE NO. 23-17597-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF CONNECTICUT, LLC, a Connecticut limited liability company,<br><br>    Debtor. | CASE NO. 23-17611-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY PBC, LLC, a Georgia limited liability company<br><br>    Debtor. | CASE NO. 23-17594-MAM<br><br>CHAPTER 11 |

| | |
|---|---|
| IN RE:<br><br>MV REALTY OF NEW JERSEY, LLC, a New Jersey limited liability company,<br><br>    Debtor. | CASE NO. 23-17603-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF WASHINGTON, LLC, a Washington limited liability company,<br><br>    Debtor. | CASE NO. 23-17607-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF MARYLAND, LLC, a Maryland limited liability company,<br><br>    Debtor. | CASE NO. 23-17602-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF VIRGINIA, LLC, a Virginia limited liability company,<br><br>    Debtor. | CASE NO. 23-17606-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF TENNESSEE, LLC, a Tennessee limited liability company,<br><br>    Debtor. | CASE NO. 23-17623-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF WISCONSIN, LLC, a Wisconsin limited liability company,<br><br>    Debtor. | CASE NO. 23-17625-MAM<br><br>CHAPTER 11 |

| | |
|---|---|
| IN RE:<br><br>MV REALTY OF NEVADA, LLC, a Nevada limited liability company,<br><br>    Debtor. | CASE NO. 23-17604-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF OREGON, LLC, an Oregon limited liability company,<br><br>    Debtor. | CASE NO. 23-17622-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF UTAH, LLC, a Utah limited liability company,<br><br>    Debtor. | CASE NO. 23-17624-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF MINNESOTA, LLC, a Minnesota limited liability company,<br><br>    Debtor. | CASE NO. 23-17618-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF INDIANA, LLC, an Indiana limited liability company,<br><br>    Debtor. | CASE NO. 23-17613-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF MISSOURI, LLC, a Missouri limited liability company,<br><br>    Debtor. | CASE NO. 23-17619-EPK<br><br>CHAPTER 11 |

| | |
|---|---|
| IN RE:<br><br>MV HOMES OF NEW YORK, LLC, a New York limited liability company,<br><br>    Debtor. | CASE NO. 23-17620-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF IDAHO, LLC, an Idaho limited liability company,<br><br>    Debtor. | CASE NO. 23-17612-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF ALABAMA, LLC, an Alabama limited liability company,<br><br>    Debtor. | CASE NO. 23-17610-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF COLORADO, LLC, a Colorado limited liability company,<br><br>    Debtor. | CASE NO. 23-17601-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF OKLAHOMA, LLC, an Oklahoma limited liability company,<br><br>    Debtor. | CASE NO. 223-17621-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF LOUISIANA, LLC,<br><br>    Debtor. | CASE NO. 23-17616-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF KANSAS, LLC, a Kansas limited liability company,<br><br>    Debtor. | CASE NO. 23-17614-EPK<br><br>CHAPTER 11 |

| IN RE:<br><br>MV REALTY OF KENTUCKY, LLC, a Kentucky limited liability company,<br><br>    Debtor. | CASE NO. 23-17615-EPK<br><br>CHAPTER 11 |
|---|---|
| IN RE:<br><br>MV REALTY OF CALIFORNIA, a California corporation,<br><br>    Debtor. | CASE NO. 23-17598-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF TEXAS, LLC, a Texas limited liability company,<br><br>    Debtor. | CASE NO. 23-17599-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF MICHIGAN, LLC, a Michigan limited liability company,<br><br>    Debtor. | CASE NO. 23-17617-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF OHIO, LLC, an Ohio limited liability company,<br><br>    Debtor. | CASE NO. 23-17605-EPK<br><br>CHAPTER 11 |

## DEBTORS' *EX-PARTE* MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION

Each of the above-captioned Debtors[1] (collectively, the "Debtors"), by and through their proposed undersigned counsel, file this *Ex-Parte Motion for Entry of an Order for Joint Administration* ("Motion"), and in support of this Motion, state as follows:

---

[1] The last four digits of the Debtors' federal tax identification numbers are: *MV Realty, PBC LLC (6755), MV Realty Holdings, LLC (3483), MV Receivables II, LLC (9368), MV Receivables III, LLC, MV Realty*

## BRIEF STATEMENT OF RELIEF REQUESTED

1.      The Debtors seek, on an *ex-parte* basis, an order from this Court directing joint administration of the above-captioned Chapter 11 cases (the "Case").

2.      The Debtors are affiliates within the meaning of 11 U.S.C. § 101(2)(B), as MV Realty Holdings, LLC ("Holdings") is the sole member of MV Realty PBC, LLC ("PBC"), and PBC is (a) the sole member of MV Receivables II, LLC ("Receivables II"), and MV Receivables III, LLC ("Receivables III"), (b) the sole shareholder of MV Realty of California, a California corporation ("California") and (c) the sole member of the remaining Debtors (collectively, with California, the "MV Realty Subs"). Additionally, PBC is a limited guarantor under obligations owed by Receivables I under the terms and conditions of a credit agreement with Goodwood Fund. PBC also guaranteed the obligations owed by Receivables II under the terms and conditions of a credit agreement with Monroe Capital, and Holdings pledged its equity interest in PBC, and PBC pledged its equity interests in the MV Realty Subs.

3.      Joint administration will facilitate the administration of these cases in an orderly manner and will obviate what will otherwise be duplicative notices, motions, and orders. In addition to promoting judicial efficiency, joint administration will save the Debtors' estates unnecessary time and expense. The Court is authorized to grant the relief requested herein

---

*PBC, LLC (Pennsylvania) (7301), MV Realty of South Carolina, LLC (7322), MV Realty of North Carolina, LLC (3258), MV of Massachusetts, LLC (0864), MV Realty of Illinois, LLC (8814), MV Realty of Arizona, LLC (2725), MV Realty of Connecticut, LLC (8646), MV Realty PBC, LLC (Georgia) (6796), MV Realty of New Jersey, LLC (5008), MV Realty of Washington, LLC (7621), MV Realty of Maryland, LLC (9945), MV Realty of Virginia, LLC (2129), MV Realty of Tennessee, LLC (7701), MV Realty of Wisconsin, LLC (2683), MV Realty of Nevada, LLC (0799), MV Realty of Oregon, LLC (3046), MV Realty of Utah, LLC (4543), MV Realty of Minnesota, LLC (1678), MV Realty of Indiana, LLC (3566), MV Realty of Missouri, LLC (6503), MV Homes of New York, LLC (2727), MV Realty of Idaho, LLC (8185), MV Realty of Alabama, LLC (6462), MV Realty of Colorado, LLC (1176), MV Realty of Oklahoma, LLC (8174), MV Realty of Louisiana, LLC (3120), MV Realty of Kansas, LLC (2304), MV Realty of Kentucky, LLC (2302), MV Realty of California (7499), MV Realty of Texas, LLC (7182), MV Realty of Michigan, LLC (5280) and MV Realty of Ohio, LLC (0728).*

without notice and a hearing as provided in Local Rules 1015-1(B)(2)(a), 5005-1(G)(1)(a), and 9013-1(c)(14). The Debtors anticipate that creditors will likely not oppose the relief requested herein, as this Motion seeks procedural relief only and does not seek substantive consolidation.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (M).

5.    The statutory predicate for the relief requested herein is Federal Rule of Bankruptcy Procedure 1015.

## BACKGROUND

### *A.*      *Filing*

6.    On September 22, 2023, the Debtors each filed a voluntary petition under Chapter 11 of Title 11 of the United States Code. The Debtors are in possession of their assets and operating their businesses as debtors-in-possession pursuant to the authority of 11 U.S.C. §§ 1107 and 1108.

### *B.*      *Organizational Structure*

7.    Debtor, MV Realty Holdings, LLC ("Holdings") is a Florida limited liability company and the sole owner of Debtor, MV Realty PBC, LLC a Florida limited liability company ("PBC"), and MV Brokerage, LLC ("Brokerage").

8.    PBC is the sole owner of the following debtors: (a) MV Realty Receivables II, a Florida limited liability company ("Receivables II"); (b) MV Realty Receivables III, a Florida limited liability company ("Receivables III"); (c) MV Realty of California, a California corporation ("California"); and (d) thirty-one (31) additional debtor subsidiaries (collectively,

with California, the "MV Realty Subs"), each of which is a limited liability company organized under the laws of the states of Pennsylvania, South Carolina, North Carolina, Massachusetts, Illinois, Arizona, Connecticut, Georgia, New Jersey, Washington, Maryland, Virginia, Tennessee, Wisconsin, Nevada, Oregon, Utah, Minnesota, Indiana, Missouri, New York, Idaho, Alabama, Colorado, Oklahoma, Louisiana, Kansas, Michigan, Kentucky, Texas and Ohio. Each of the MV Realty Subs is incorporated or organized under the laws of the respective states as follows: "*MV Realty of [state], LLC*" (with the exception of New York ("MV Homes of New York, LLC") and Massachusetts, ("MV of Massachusetts, LLC")).

9.      Brokerage is the sole owner of the following (collectively, the "MV Brokerage Subs"): (a) thirty-three (33) separate subsidiaries, each of which is a limited liability company organized under the laws of the states of Florida, Pennsylvania, South Carolina, North Carolina, Massachusetts, Illinois, Arizona, Connecticut, Georgia, New Jersey, Washington, Maryland, Virginia, Tennessee, Wisconsin, Nevada, Oregon, Utah, Minnesota, Indiana, Missouri, New York, Idaho, Alabama, Colorado, Oklahoma, Louisiana, Kansas, Michigan, Kentucky, Texas and Ohio; and (b) one subsidiary incorporated under the laws of the state of California. For the most part, the MV Brokerage Subs each operate as "*MV Brokerage of [state], LLC*."

### C.      *Business Operations*

10.      PBC is the servicing entity, which operates primarily from premises located at 815 Broken Sound Parkway, Boca Raton, Florida 33487. Currently, PBC has 79 full-time employees, and also uses the services of 156 independent contractors, who receive 1099s.

11.      PBC was founded in 2014 and initially operated as a traditional real estate brokerage firm. In October 2018, PBC began focusing its efforts on developing and marketing a unique product to residential homeowners.

12.    In or around October 2018, PBC implemented the "Homeowner Benefit Program" (the "HBP"). As part of the HBC, the MV Realty Subs enter "Homeowner Benefit Agreements" (the "HBA") with residential homeowners. The HBA is not a listing agreement, but is a forward listing contract pursuant to which the MV Realty Subs pay an upfront cash payment to homeowners in exchange for the exclusive right to list a homeowner's home if and when the homeowner decides to sell their home. The term of the HBA is forty (40) years subject to certain early termination events.

13.    In accordance with an HBA, a selling homeowner lists their home with the applicable MV Realty Sub, which then lists and sells the home for a standard commission, including any participating broker commission. In the event the home does not sell within six (6) months, the homeowner may terminate the HBA at no cost and without penalty. The HBA is not a listing agreement.

14.    In the event a homeowner breaches the HBA, which results in an early termination of the HBA, the MV Realty Subs are typically entitled to a termination fee equal to three percent (3%) of the greater of (a) the fair market value of the home at the time the HBA is executed, and (b) the fair market value at the time of breach or early termination.

15.    Additionally, the MV Realty Subs reserves the right to record a memorandum ("Memorandum"), or other similar notice, of the HBA in the public records in the county in which the real estate is located. Although the HBAs are governed by the laws of the state in which the HBA is entered, the terms of the HBAs and Memoranda are substantively consistent from state to state.

16.    At the present time, the MV Realty Subs are parties to approximately 34,000 HBAs.

**_D._**       **_Financing – Goodwood I_**

17.     On or about February 11, 2020, MV Receivables I, LLC ("Receivables I"), a wholly owned subsidiary of PBC, entered into a credit agreement (the "Goodwood I Credit Agreement") with Goodwood Fund, as the initial lender ("Goodwood Fund" and, together with other lenders under the Goodwood I Credit Agreement, the "Goodwood I Lenders"), and Goodwood Inc., as agent ("Goodwood Inc."). The parties also executed, among other documents, a Security Agreement (the "Goodwood I Security Agreement" and, collectively with the Goodwood I Credit Agreement and other related documents, the "Goodwood I Loan Documents").

18.     PBC and Receivables I also entered a Purchase and Contribution Agreement (the "Purchase Agreement") pursuant to which Receivables I agreed to purchase HBAs acquired with amounts advanced under the terms of the Goodwood I Credit Agreement. The advance rate is typically sixty percent (60%) of discounted eligible receivables. The amount of $10,000,000.00 has been advanced under the Goodwood I Credit Agreement.

19.     Under the Goodwood I Security Agreement, Receivables I granted a security interest in and to its assets, including, without limitation, certain HBAs, accounts, receivables, and general intangibles, in favor of Goodwood Inc., as agent for the Goodwood I Lenders. PBC signed a limited guarantee of amounts owed by Receivables I under the Goodwood I Credit Agreement.

**_E._**       **_Financing – Monroe Capital_**

20.     On or about July 28, 2021, Receivables II entered into a $40,000,000.00 senior secured delayed draw credit facility (the "Monroe Credit Facility") with Monroe Capital Management Advisors, LLC, as administrative and collateral agent ("Monroe Capital"), and the

lenders under the Monroe Credit Facility (collectively, the "Monroe Lenders"). Receivables II and Monroe Capital executed, among other documents, a Credit Agreement (the "Monroe Credit Agreement"), Security Agreement (the "Monroe Security Agreement", and Pledge Agreement (the "Monroe Pledge Agreement" and, collectively with Monroe Credit Agreement, the Monroe Security Agreement, and related other agreements, the "Monroe Loan Documents").

21.     The Monroe Lenders have advanced the amount of $40,000,000.00 to Receivables II under the Monroe Credit Facility, the proceeds of which were to be used to acquire eligible receivables in accordance with the Monroe Credit Agreement and to fund operations and other related expenses.

22.     Under the Monroe Credit Facility, PBC, certain of the MV Realty Subs (New Jersey, Connecticut, Illinois, Massachusetts, North Carolina, South Carolina, and Georgia) (collectively, and excluding PBC, the "Initial MV Realty Guarantors") initially guaranteed the obligations of Receivables II. The Monroe Credit Facility was later guaranteed by subsequent MV Realty Subs, who organized and became parties to the Monroe Credit Facility and Monroe Loan Documents as the operation expanded.

23.     In accordance with the Monroe Pledge Agreement, (a) Holdings pledged its equity interest in PBC, and (b) PBC pledged its membership interests in the MV Realty Subs, in favor of Monroe Capital, as collateral agent. All membership interests are uncertificated.

24.     In accordance with the Monroe Security Agreement, Receivables II, PBC, and the Initial MV Realty Guarantors, as well as any other MV Realty Subs who later joined the Monroe Credit Facility and Monroe Loan Documents, granted Monroe Capital a security interest in their assets, including, without limitation, accounts, documents, general intangibles, investment property, receivables, and receivables relating to the HBAs.

25.     Generally speaking, (a) the MV Realty Subs would entered into HBAs with homeowners, thus giving the MV Realty Subs the exclusive right to list homes in the event a homeowner ever decide to sell their home, (b) the receivables under the HBAs were to be sold or otherwise assigned to MV Receivables II, and (c) Monroe Capital then advanced at a rate of forty-five percent (45%) of the net present value of eligible receivables under the HBAs.

**_F._**     **_Consent and Confirmation Agreement_**

26.     In or about July 2021, Monroe, Goodwood Inc., PBC and Receivables I entered into the Acknowledgement and Confirmation Agreement (the "Confirmation Agreement"), which was, essentially, an inter-creditor agreement, pursuant to which Monroe and Goodwood Inc. acknowledged and consented to the other's respective rights under the Monroe Capital Loan Documents and the Goodwood I Loan Documents, respectively.

**_G._**     **_Financing - Goodwood II_**

27.     On November 4, 2022, MV Receivables III, LLC ("Receivables III"), Goodwood MV Realty LP, as the initial lender ("Goodwood MV" and, together with any other related lenders, the "Goodwood II Lenders"), and Goodwood, Inc. ("Goodwood Inc."), as agent, entered into a Credit Agreement (the "Goodwood II Credit Agreement"). The parties also executed, among other documents, a Security Agreement (the "Goodwood II Security Agreement" and, collectively with the Goodwood II Credit Agreement and other related documents, the "Goodwood II Loan Documents").

28.     In accordance with the Goodwood II Credit Agreement, Receivables IIII agreed to purchase HBAs acquired with amounts advanced under the terms of the Goodwood II Credit Agreement. The advance rate was approximately sixty percent (60%) of the net present value of eligible receivables under the HBAs. The amount of $4,500,000.00 has been advanced.

29.     Under the Goodwood II Security Agreement, Receivables III granted Goodwood Inc. a security interest in and to its assets, including, without limitation, the HBAs, accounts, receivables, and general intangibles.  MV Brokerage signed a limited guarantee of amounts owed by Receivables III under the Goodwood II Credit Agreement.

*H.*     *Other Financing*

30**.**     In February 2023, Holdings executed senior notes with eight (8) shareholders of Holdings, who advanced a total of $12,968,000.00 (collectively, the "Shareholder Notes"). There is approximately $14,103,144.11 outstanding, including accrued interest, under the Shareholder Notes. The proceeds borrowed were used to fund operations.

31.     Additionally, in 2021 and 2022, Holdings executed two (2) rounds of convertible notes, one of which has since converted. The later round, which was in the total amount of $6,070,000.00, has not been converted.

*I.*     ***Assets and Secured Obligations***

32.     Monroe is currently owed approximately $40,000,000.00, while the Goodwood I Lenders and Goodwood II Lenders are owed approximately $7,408,275.82 and $4,460,000.00, respectively. As of September 5, 2023, the net present value of the collateral securing the foregoing obligations is (a) $89,315,255.01 (Monroe), (b) $12,656,966.30 (Goodwood I), and (c) $6,106,069.54 (Goodwood II). Holdings has additional HBAs with an aggregate net present value of approximately $12,861,536.97. Accordingly, the total net present value of HBAs exceeds $120,000,000.00.

## EVENTS LEADING TO BANKRUPTCY

33.     Since November 29, 2022, the states of Florida, Pennsylvania, Massachusetts, Ohio, North Carolina, New Jersey, and Indiana commenced actions against certain of the MV

Realty Subs (collectively, the "<u>State Actions</u>"). PBC is a named defendant in the State Actions commenced by the states of Florida, Pennsylvania, New Jersey, North Carolina, Massachusetts, and Indiana. Other individual officers and licensed real estate brokers working in connection with the HBAs are named in nearly all State Actions. The allegations asserted in the State Actions range from telemarketing violations to unfair or deceptive trade practices.

34.     It is alleged in the State Actions that the filing of the memorandum, which provides constructive notice to the public of the existence of the HBA and its terms, unfairly or deceptively interferes with the homeowner's ability to sell the home.

35.     The Debtors contend that the memorandum, which is separately signed by each homeowner under the HBA, is neither deceptive nor unfair. Rather, the memorandum is filed in accordance with the applicable law of each state and serves the purpose intended by the applicable law of each state by providing public notice of the HBA.

36.     Moreover, in several instances, it is alleged in the State Actions that the Debtors made improper telephone solicitations to prospective customers without their consent. To date, however, the Debtors have not had any meaningful opportunity to present in court the vast number of lawfully obtained consents from prospective homeowners authorizing these very solicitations.

37.     It has also been alleged in many of the State Actions that the Debtors' sales and marketing practices "prey" upon customers who are elderly or of diminished financial means. However, the Debtors strenuously disagree with such allegations as being unsupported by fact. The facts are that (a) the typical homeowner in an HBA owns a home with an average value exceeding $300,000, and (b) the average age of homeowners under HBAs is 55 years old (and 72% of homeowners are under age 65). By comparison, the American Housing Survey 2021,

based on US Census Bureau data, indicates that only 67.3% of homeowners in the country are under the age of 65. Thus, the homeowners under the HBAs are proportionally younger than a typical cross-section of homeowners overall in the United States.

38. It is alleged or implied in the State Actions that a very significant portion of the Debtors' customers are aggrieved and have complained to state consumer protection authorities. However, this allegation is inaccurate and unsupported by the facts. For example, in North Carolina, over the 16-month period prior to the commencement of the State Action, the state consumer protection authorities made the Debtors aware of only twelve (12) consumer complaints (out of a total of 2,100 HBAs in North Carolina) regarding allegedly deceptive conduct by the Debtors. These complaints came mostly from customers who alleged deception or unfairness by the Debtors only after the homeowner had breached the HBA. In contrast, the Debtors, in a mere 45-day period, following the commencement of the State Action in North Carolina, obtained at least 250 sworn statements from North Carolina homeowners attesting that they understood the key terms and elements of the HBA.

39. It is also well worth noting that the Debtors previously engaged national and well-recognized local law firms prior to implementing the HBP in each state, who advised as to compliance with state and other applicable laws with respect to the sales and marketing of the HBP and HBAs, as well as with respect to the terms and conditions of the HBAs and related agreements.

40. Accordingly, the defendants vigorously oppose the State Actions and contend that the HBAs comply with all applicable laws.

41.     Finally, there are other actions that have been commenced by real estate regulatory commissions that include both the MV Brokerage Subs and the individual licensed real estate agents and brokers in connection with their work on the HBAs.

42.     In defending against the State Actions and other regulatory matters, the Debtors have spent and incurred millions of dollars in legal fees, and the Debtors' personnel have devoted substantial time in assisting defense counsel.

43.     The Debtors commenced these Chapter 11 proceedings to protect and maximize the value of their assets and for the purpose of implementing one or more strategies aimed at alleviating or otherwise minimizing the financial strain of the State Actions. The Debtors also intend to protect the assets from any adverse creditor action, and otherwise preserving estate assets for the benefit of all creditors.

## **RELIEF REQUESTED**

44.     Bankruptcy Rule 1015(b) provides in relevant part as follows: "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

45.     The Debtors are "affiliates" as such term is defined in Section 101(2) of the Bankruptcy Code. Bankruptcy Rule 1015 promulgates the fair and efficient administration of multiple cases of affiliated debtors, like here, while protecting the rights of individual creditors. *See In re PL Liquidation Corp*., 305 B.R. 629, 633 (Bankr. D. Del. 2004); *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re H&S Trans. Co*., 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982). While the Debtors are separate and distinct, the issues that will be addressed in these bankruptcy cases will be related and overlapping. Accordingly, the Court is authorized to grant the relief requested.

46.     The Debtors submit that joint administration of their Chapter 11 cases will obviate the need for duplicative notices, motions, applications, hearings, and orders and will, therefore, save considerable time and expense for the Debtors and their estates.

47.     Pursuant to the requirements of Local Rule 1015-1(B)(1), the Debtors state that joint administration will not give rise to any conflict of interest among the estates of the Debtors. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration because the Debtors will continue to remain separate and distinct legal entities and will continue to maintain separate books and records. Moreover, each creditor may still file its proof of claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files. Finally, supervision of the administrative aspects of these Chapter 11 cases by the Office of the United States Trustee will be simplified.

48.     The interests of the Debtors, their estates, and all parties-in-interest would best be served by joint administration of the Debtors' Chapter 11 cases.

49.     PBC was the first of the affiliated Debtors to file for Chapter 11 and is also the servicing entity.  Therefore, the Debtors request that the PBC case be designated as "lead case."

**WHEREFORE,** the Debtors respectfully request that this Court enter an *ex-parte* order granting the Motion, the proposed form of which is attached hereto as <u>Exhibit</u> "<u>A</u>", approving the joint administration of the Cases, and granting such further and other relief as may be just and appropriate.

**RESPECTFULLY SUBMITTED** this 22nd day of September 2023.

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).*

        **SEESE, P.A.**
        ***Proposed Counsel for Debtors***
        101 NE 3rd Avenue
        Suite 1500
        Ft. Lauderdale, Florida 33301
        Telephone: (954) 745-5897

        By:     ***s/Michael D. Seese***
            Michael D. Seese, Esq.
            Fla. Bar No. 997323
            mseese@seeselaw.com

**EXHIBIT "A"**

***Proposed Order***

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| IN RE:<br><br>MV REALTY PBC, LLC, a Florida limited liability company,<br><br>  Debtor. | CASE NO. 23-17590-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY HOLDINGS, LLC, a Florida limited liability company,<br><br>  Debtor. | CASE NO. 23-17591-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV RECEIVABLES II, LLC, a Florida limited liabiity company,<br><br>  Debtor. | CASE NO. 23-17592-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV RECEIVABLES, III, LLC, a Florida limited liability company,<br><br>  Debtor. | CASE NO. 23-17593-EPK<br><br>CHAPTER 11 |

1

| IN RE: | CASE NO. 23-17596-EPK |
|---|---|
| MV REALTY PBC, LLC, a Pennsylvania limited liability company,<br><br>    Debtor. | CHAPTER 11 |
| IN RE: | CASE NO. 23-17600-MAM |
| MV REALTY OF SOUTH CAROLINA, LLC, a South Carolina limited liability company,<br><br>    Debtor. | CHAPTER 11 |
| IN RE: | CASE NO. 23-17595-EPK |
| MV REALTY OF NORTH CAROLINA, LLC, a North Carolina limited liability company,<br><br>    Debtor. | CHAPTER 11 |
| IN RE: | CASE NO. 23-17609-MAM |
| MV OF MASSACHUSETTS, LLC, a Massachusetts limited liability company,<br><br>    Debtor. | CHAPTER 11 |
| IN RE: | CASE NO. 23-17608-EPK |
| MV REALTY OF ILLINOIS, LLC, an Illinois limited liability company,<br><br>    Debtor. | CHAPTER 11 |
| IN RE: | CASE NO. 23-17597-EPK |
| MV REALTY OF ARIZONA, LLC, an Arizona limited liability company,<br><br>    Debtor. | CHAPTER 11 |

| | |
|---|---|
| IN RE:<br><br>MV REALTY OF CONNECTICUT, LLC, a Connecticut limited liability company,<br><br>    Debtor. | CASE NO. 23-17611-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY PBC, LLC, a Georgia limited liability company<br><br>    Debtor. | CASE NO. 23-17594-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF NEW JERSEY, LLC, a New Jersey limited liability company,<br><br>    Debtor. | CASE NO. 23-17603-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF WASHINGTON, LLC, a Washington limited liability company,<br><br>    Debtor. | CASE NO. 23-17607-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF MARYLAND, LLC, a Maryland limited liability company,<br><br>    Debtor. | CASE NO. 23-17602-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF VIRGINIA, LLC, a Virginia limited liability company,<br><br>    Debtor. | CASE NO. 23-17606-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF TENNESSEE, LLC, a Tennessee limited liability company,<br><br>    Debtor. | CASE NO. 23-17623-MAM<br><br>CHAPTER 11 |

| | |
|---|---|
| IN RE:<br><br>MV REALTY OF WISCONSIN, LLC, a<br>Wisconsin limited liability company,<br><br>    Debtor. | CASE NO. 23-17625-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF NEVADA, LLC, a Nevada<br>limited liability company,<br><br>    Debtor. | CASE NO. 23-17604-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF OREGON, LLC, an<br>Oregon limited liability company,<br><br>    Debtor. | CASE NO. 23-17622-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF UTAH, LLC, a Utah<br>limited liability company,<br><br>    Debtor. | CASE NO. 23-17624-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF MINNESOTA, LLC, a<br>Minnesota limited liability company,<br><br>    Debtor. | CASE NO. 23-17618-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF INDIANA, LLC, an<br>Indiana limited liability company,<br><br>    Debtor. | CASE NO. 23-17613-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF MISSOURI, LLC, a<br>Missouri limited liability company,<br><br>    Debtor. | CASE NO. 23-17619-EPK<br><br>CHAPTER 11 |

4

| | |
|---|---|
| IN RE:<br><br>MV HOMES OF NEW YORK, LLC, a New York limited liability company,<br><br>    Debtor. | CASE NO. 23-17620-MAM<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF IDAHO, LLC, an Idaho limited liability company,<br><br>    Debtor. | CASE NO. 23-17612-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF ALABAMA, LLC, an Alabama limited liability company,<br><br>    Debtor. | CASE NO. 23-17610-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF COLORADO, LLC, a Colorado limited liability company,<br><br>    Debtor. | CASE NO. 23-17601-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF OKLAHOMA, LLC, an Oklahoma limited liability company,<br><br>    Debtor. | CASE NO. 223-17621-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF LOUISIANA, LLC,<br><br>    Debtor. | CASE NO. 23-17616-EPK<br><br>CHAPTER 11 |
| IN RE:<br><br>MV REALTY OF KANSAS, LLC, a Kansas limited liability company,<br><br>    Debtor. | CASE NO. 23-17614-EPK<br><br>CHAPTER 11 |

| IN RE: | CASE NO. 23-17615-EPK |
|---|---|
| MV REALTY OF KENTUCKY, LLC, a Kentucky limited liability company, <br><br> Debtor. | CHAPTER 11 |
| IN RE: | CASE NO. 23-17598-EPK |
| MV REALTY OF CALIFORNIA, a California corporation, <br><br> Debtor. | CHAPTER 11 |
| IN RE: | CASE NO. 23-17599-EPK |
| MV REALTY OF TEXAS, LLC, a Texas limited liability company, <br><br> Debtor. | CHAPTER 11 |
| IN RE: | CASE NO. 23-17617-MAM |
| MV REALTY OF MICHIGAN, LLC, a Michigan limited liability company, <br><br> Debtor. | CHAPTER 11 |
| IN RE: | CASE NO. 23-17605-EPK |
| MV REALTY OF OHIO, LLC, an Ohio limited liability company, <br><br> Debtor. | CHAPTER 11 |

**ORDER GRANTING**
**DEBTORS' *EX-PARTE* MOTION FOR ENTRY**
**OF AN ORDER DIRECTING JOINT**
**ADMINISTRATION**

**THIS MATTER** came before the Court without hearing on the *Debtors' Ex-Parte*

*Motion For Entry of an Order Directing Joint Administration* [ECF No. ] (the "Motion")[1]

---

[1] The last four digits of the Debtors' federal tax identification numbers are: *MV Realty, PBC LLC (6755), MV Realty Holdings, LLC (3483), MV Receivables II, LLC (9368), MV Receivables III, LLC, MV Realty PBC, LLC (Pennsylvania) (7301), MV Realty of South Carolina, LLC (7322), MV Realty of North Carolina, LLC (3258), MV of Massachusetts, LLC (0864), MV Realty of Illinois, LLC (8814), MV Realty of Arizona,*

filed pursuant to Fed.R.Bankr.P. 1015 and Local Rule 1015-1(B)(2)(a), and the Court finding that good and sufficient cause exist in support of the relief requested on an *ex-parte* basis, and the Court being otherwise fully advised in the premises, it is

**ORDERED** as follows:

1.     The Motion is GRANTED as provided herein.

2.     The above-styled Chapter 11 cases shall be jointly administered. The case of *MV Realty PBC,* LLC, Case No. 23- is designated as "lead case."

3.     The Clerk of the Court shall maintain a single file and docket for these jointly administered cases under the "lead case" number.  However, proofs of claim filed shall indicate only the case name and number of the case in which the claims are asserted. Separate claims files, ballot files, and claims registers shall be maintained for each of the jointly administered cases.

4.     A docket entry shall be made on the docket in each of the above-captioned cases (other than the "lead case") substantially as follows:

> "An order has been entered in this case directing the joint administration of the Chapter 11 cases of *MV Realty, PBC LLC, MV Realty Holdings, LLC, MV Receivables II, LLC, MV Receivables III, LLC, MV Realty PBC, LLC (Pennsylvania), MV Realty of South Carolina, MV Realty of North Carolina, LLC, MV of Massachusetts, LLC, MV Realty of Illinois, LLC, MV Realty of Arizona, LLC, MV Realty of Connecticut, LLC, MV Realty of Georgia, LLC, MV Realty of New Jersey, LLC, MV Realty of Washington, LLC, MV Realty of Maryland, LLC, MR Realty of Virginia, LLC, MV Realty of Tennessee, LLC, MV Realty of Wisconsin, LLC, MV Realty of Nevada, LLC, MV Realty of Oregon, LLC, MV Realty of Utah, LLC, MV Realty of Minnesota, LLC, MV Realty of Indiana, LLC, MV Realty of Missouri, LLC, MV Homes of New York, LLC, MV Realty of Idaho,*

---

*LLC (2725), MV Realty of Connecticut, LLC (8646), MV Realty PBC, LLC (Georgia) (6796), MV Realty of New Jersey, LLC (5008), MV Realty of Washington, LLC (7621), MV Realty of Maryland, LLC (9945), MV Realty of Virginia, LLC (2129), MV Realty of Tennessee, LLC (7701), MV Realty of Wisconsin, LLC (2683), MV Realty of Nevada, LLC (0799), MV Realty of Oregon, LLC (3046), MV Realty of Utah, LLC (4543), MV Realty of Minnesota, LLC (1678), MV Realty of Indiana, LLC (3566), MV Realty of Missouri, LLC (6503), MV Homes of New York, LLC (2727), MV Realty of Idaho, LLC (8185), MV Realty of Alabama, LLC (6462), MV Realty of Colorado, LLC (1176), MV Realty of Oklahoma, LLC \*8174), MV Realty of Louisiana, LLC (3120), MV Realty of Kansas, LLC (2304), MV Realty of Kentucky, LLC (2302), MV Realty of California (7499), MV Realty of Texas, LLC (7182), MV Realty of Michigan, LLC (5280) and MV Realty of Ohio, LLC (0728).*

*LLC, MV Realty of Alabama, LLC, MV Realty of Colorado, LLC, MV Realty of Oklahoma, LLC, MV Realty of Louisiana, LLC, MV Realty of Kansas, LLC, MV Realty of Kentucky, LLC, MV Realty of California, MV Realty of Texas, LLC, MV Realty of Michigan, LLC and MV Realty of Ohio, LLC.* The docket in Case No. 23- should be consulted for all matters affecting this case."

5.     Pleadings in these cases are authorized and shall be required to bear the following caption, which caption is approved in all respects:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Chapter 11 Cases |
| MV REALTY PBC, LLC, *et al.* | Case No. 23- |
| | (Jointly Administered) |
| Debtors. | |
| _____/ | |

6.     Nothing contained in the Motion, or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned Chapter 11 cases.

7.     The Court retains jurisdiction to interpret and enforce this Order.

# # #

Submitted by:

Michael D. Seese, Esq.
Seese, P.A.
101 N.E. 3rd Avenue
Suite 1500
Ft. Lauderdale, Florida 33301
Tel. No. (954) 745-5897
mseese@seeselaw.com

Copies furnished to:

Michael D. Seese, Esq., who is directed to serve conforming copies of this Order upon all required parties and to file a certificate of service with the Court.