

**ORDERED in the Southern District of Florida on October 6, 2023.**

**Erik P. Kimball**
**Chief United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 23-17590-EPK |
| MV REALTY PBC, LLC *et al.*, | CHAPTER 11 |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING**
**DEBTORS'** *EMERGENCY* **APPLICATION FOR ENTRY**
**OF ORDER ATHORIZING DEBTORS TO EMPLOY EPIQ CORPORATE**
**RESTRUCTURING, LLC AS NOTICE, CLAIMS, AND SOLICITATION**
**AGENT, AND CALL CENTER OPERATOR, AS SUCH SERVICES MAY BE**
**NECESSARY AND REQUIRED, EFFECTIVE SEPTEMBER 22, 2023**

THIS CAUSE came before the Court on October 4, 2023, at 2:30 p.m., upon the scheduled

hearing on the Debtors' *Emergency Application for Entry of Order Authorizing Debtors to Retain*

*Epiq Corporate Restructuring, LLC as Notice, Claims, and Solicitation Agent, and Call Center*

1

*Operator, as Services May Be Necessary and Required, Effective September 22, 2023* [ECF No. 49] (the "Motion")[1]. The Court has reviewed the Application and supporting Declaration, and it appears that Epiq and Mr. Hunt have disclosed any connections with parties-in-interest in the cases as set forth in Fed. R. Bankr. P. 2014 and are "disinterested" within the meaning of 11 U.S.C. §§ 101(14) and 327(a). It further appears that Epiq neither holds nor represents any interest adverse to the Debtors or the Debtors' estates. Additionally, the Court has determined that it has jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334, consideration of the Application and the relief requested therein are a core proceeding pursuant to 28 U.S.C. §157(b), and venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409. Based on the foregoing, and after having heard the presentation of counsel, the Court finds and concludes that the relief requested is in the best interests of the Debtors and their estates and, therefore, it is

**ORDERED** as follows:

1. The Application is **GRANTED**.

2. The Debtors are authorized to employ Epiq as the notice, claims, and solicitation agent, and call center operator, as may be necessary and required in these Chapter 11 cases. The terms and conditions of the Services Agreement are approved.

3. The employment of Epiq shall be effective as of September 22, 2023.

4. Epiq is authorized to provide the services described in the Application and Services Agreement, as may be necessary and requested by the Debtors. Epiq is appointed as agent by the Clerk's Offices and, as such, is designated as the authorized repository for all proofs of claims filed in these Chapter 11 cases. Epiq is authorized and directed to maintain official claims registers for

---

[1] Unless defined in this Order, defined terms shall have the meanings ascribed to such terms in the Motion.

2

the Debtors and to provide the Clerk's Office with a certified duplicate as the Clerk's Office may direct.

5. Epiq shall provide the Debtors with detailed monthly invoices for services rendered. Copies of such invoices shall be provided to the Office of the United States Trustee and, if applicable, to counsel for any official committee(s) appointed during these Chapter 11 cases.

6. Pursuant to 11 U.S.C. § 503(b)(1)(A), the fees and expenses incurred by Epiq pursuant to the Service Agreement shall be an administrative expense of the Debtors' estates.

7. Without further order of the Court, the Debtors are authorized to compensate Epiq in accordance with the terms and conditions of the Services Agreement, upon Epiq's submission to the Debtors of invoices describing, in reasonable detail, the services provided and expenses for which reimbursement is sought. Epiq shall be paid a retainer in the amount of $25,000.00 and will be compensated in accordance with the Service Agreement. In the event any expense is anticipated to exceed $10,000.00, Epiq may require payment in advance or direct payment by the Debtors prior to the service being provided.

8. Epiq shall not cease providing claims processing services in these Chapter 11 cases for any reason without prior order of the Court authorizing Epiq to do so; provided, however, Epiq may seek such an order on an expedited basis by filing a request with the Court with notice to the Debtors, the Office of the United States Trustee, and counsel for any statutory committee(s) appointed in these Chapter 11 cases; provided further that except as expressly provided herein, the Debtors and Epiq may terminate or suspend as may be necessary and provided for under the Services Agreement.

9. Epiq shall provide the Clerk of the Court with a Uniform Resource Locator that can direct creditors and parties in interest to the website that Epiq will maintain for these Chapter 11 cases.

10. The indemnity provisions set forth in the Services Agreement are approved; provided, however, Epiq shall not be entitled to indemnification, contribution, or reimbursement for any services not provided for under the Services Agreement or as limited under the Services Agreement, unless such indemnification, contribution, or reimbursement is approved by the Court.

11. Nothing herein obligates any successor trustee to employ Epiq.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

13. Notwithstanding anything contained in the Services Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by:

Michael D. Seese, Esq.
Seese, P.A.
101 N.E. 3rd Avenue
Suite 1500
Ft. Lauderdale, FL 33301
Telephone No.: (954) 745-5897
mseese@seeselaw.com

Copies to:

Michael D. Seese, Esq., who is directed to serve a copy of this Order upon all non-registered users or registered users who have yet to appear electronically in this case and file a conforming certificate of service.