**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 23-17590-EPK |
| MV REALTY PBC, LLC, *et al.*, | CHAPTER 11 |
| Debtors. | (Jointly Administered) |

**DEBTORS' *EMERGENCY* APPLICATION FOR**
**ENTRY OF ORDER AUTHORIZING EMPLOYMENT OF**
**DEVELOPMENT SPECIALIST, INC., AS EXPERT WITNESS**

> **The Debtors respectfully request an emergency hearing in order to have the proposed expert immediate commence work with respect to litigation pending before the Court.**

The Debtors[1] respectfully request entry of an order of the Court authorizing the employment of Development Specialist, Inc. ("DSI") as expert witness for the Debtors in Adversary No. 23-01211 (the "Adversary Proceeding"), and state as follows:

---

[1] The last four digits of the Debtors' federal tax identification numbers are: *MV Realty, PBC LLC (6755), MV Realty Holdings, LLC (3483), MV Receivables II, LLC (9368), MV Receivables III, LLC, MV Realty PBC, LLC (Pennsylvania) (7301), MV Realty of South Carolina, LLC (7322), MV Realty of North Carolina, LLC (3258), MV of Massachusetts, LLC (0864), MV Realty of Illinois, LLC (8814), MV Realty of Arizona, LLC (2725), MV Realty of Connecticut, LLC (8646), MV Realty PBC, LLC (Georgia) (6796), MV Realty of New Jersey, LLC (5008), MV Realty of Washington, LLC (7621), MV Realty of Maryland, LLC (9945), MV Realty of Virginia, LLC (2129), MV Realty of Tennessee, LLC (7701), MV Realty of Wisconsin, LLC (2683), MV Realty of Nevada, LLC (0799), MV Realty of Oregon, LLC (3046), MV Realty of Utah, LLC (4543), MV Realty of Minnesota, LLC (1678), MV Realty of Indiana, LLC (3566), MV Realty of Missouri, LLC (6503), MV Homes of New York, LLC (2727), MV Realty of Idaho, LLC (8185), MV Realty of Alabama, LLC (6462), MV Realty of Colorado, LLC (1176), MV Realty of Oklahoma, LLC (8174), MV Realty of Louisiana, LLC (3120), MV Realty of Kansas, LLC (2304), MV Realty of Kentucky, LLC (2302), MV Realty of California (7499), MV Realty of Texas, LLC (7182), MV Realty of Michigan, LLC (5280) and MV Realty of Ohio, LLC (0728).*

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicate for relief requested is U.S.C. § 327(e).

## BACKGROUND

3.    On September 22, 2023, the Debtors each filed a voluntary petition under Chapter 11 of Title 11 of the United States Code. The Debtors are in possession of their assets and operating their businesses as debtors-in-possession pursuant to the authority of 11 U.S.C. §§ 1107 and 1108.

4.    The Chapter 11 cases are being jointly administered under lead case, *In re: MV Realty PBC, LLC, Case No. 23-17590-EPK.*

5.    Certain of the Debtors are the Plaintiffs in the Adversary Proceeding.

6.    An evidentiary hearing on the Plaintiffs' request for preliminary injunctive relief is currently scheduled to commence on February 12, 2024.

7.    On January 16, 2024, certain of the Defendants in the Adversary Proceeding served an expert witness report upon the Plaintiffs (the "Plaintiffs' Report"). The Plaintiffs' proposed expert intends to serve as a consulting expert and, upon request, to provide an expert report and testimony in connection with the Debtors' claims and/or defenses, including relating to the Debtors' ability to reorganize.

8.    The Plaintiffs now seek to retain DSI for purposes of serving as a consulting expert and, upon request, providing an expert report and testimony in connection with the Debtors' claims and/or defenses, including relating to the Debtors' ability to reorganize.

2

9.     On November 20, 2023, the Court entered the *Order Granting Debtors' Motion for Entry of Order Authorizing and Establishing Monthly Compensation Procedures for Professionals* [ECF No. 251] (the "Compensations Procedures Order").

10.    In accordance with the Compensation Procedures Order, the Debtors are authorized to pay 80% of requested fees, and 100% of requested compensation, incurred by counsel, on a monthly basis, in the absence of any valid objection. Therefore, as the fees and costs to be incurred by DSI are technically a cost, the Debtors seek authority to pay 100% of the fees and costs to be incurred by DSI.

## **RELIEF REQUESTED**

11.    Subject to the approval of this Court, the Debtors desire to retain DSI to serve as a consulting expert and, upon request, to provide an expert report and testimony in connection with the Debtors' claims and/or defenses, including relating to the Debtors' ability to reorganize and with respect to the Adversary Proceeding. DSI shall be retained by counsel but will be compensated by the Debtors.

12.    DSI is qualified to serve as expert witness for the Plaintiffs with respect to the Adversary Proceeding.

13.    DSI's depth of experience in the types of matters for which it will be employed make DSI qualified to serve as the Plaintiffs' expert in the Adversary Proceeding. Therefore, the Debtors believe that DSI is well qualified to serve and that retention of DSI is in the best interests of the estate.

## SERVICES TO BE RENDERED

14.     DSI's services are necessary and serve as a consulting expert and, upon request, provide expert reports and testimony in connection with the Adversary Proceeding.  DSI's proposed engagement letter is attached as **Exhibit "A".**

## SECTION 327(a) STANDARDS

15.     Attached hereto as **Exhibit "B"** in support of this Application is the "Sworn Declaration" of Mr. Joseph Luzinski (the "Declaration"). Based on the Declaration, and to the best of the Debtors' knowledge, neither DSI nor its personnel have any connection with the creditors or other parties in interest or their respective attorneys, except as fras be disclosed in the Declaration.

16.     DSI has agreed to accept compensation for the services to be rendered and expenses to be incurred in connection with the Adversary Proceeding in accordance with the terms of the proposed engagement letter attached hereto as Exhibit "A".

17.     To the best of the Debtors' knowledge and based on the Declaration, there are no arrangements between DSI and any other entity to share compensation to be received in connection with this case, other than as permitted by section 504 of the Bankruptcy Code.

18.     Under applicable provisions of the Bankruptcy Code, and subject to the approval of this Court, the Debtor proposes to pay DSI the standard hourly rates charged by its personnel and to reimburse DSI for expenses incurred during the course of the engagement. The hourly rates for DSI's personnel range from $470.00 for most junior attorneys to $815.00 per hour. Mr. Luzinski's rate is $745.00 per hour.

19.     The hourly rates discussed above are the standard hourly rates charged by DSI to all clients. These rates are subject to adjustment, generally on an annual basis to reflect, among other things, seniority.

20.     Again, attached to this Application as **Exhibit "B"** is the Declaration demonstrating that Mr. Luzinski and DSI do not represent or hold any interest adverse to the Debtors or to the estate with respect to the matter on which they are being retained, as required by 11 U.S.C. § 327(a) and Bankruptcy Rule 2014, except as provided therein.  Mr. Luzinski and DSI are also "disinterested" personas within the meaning of 11 U.S.C. §§ 101(14) and 327(a).

21.     The Debtors submit that good and sufficient cause exists in support of the relief being requested.

**WHEREFORE,** the Debtors respectfully request the entry of an order in the proposed form attached hereto as **Exhibit "C"**, authorizing the retention of Mr. Luzinski and DSI pursuant to 11 U.S.C.  §§ 327(a) and 330 and granting such other and further relief as this Court deems proper.

**DATED**:  January 18, 2024

>                          */s/ Michael D. Seese*
>                          Michael D. Seese, Esq.
>                          FBN 997323
>                          Seese, P.A.
>                          101 NE 3rd Avenue, Suite 1500
>                          Fort Lauderdale, FL 33301
>                          Telephone No. (954) 745-5897
>
>                          *Attorneys for the Debtors*

**EXHIBIT "A"**

*Engagement Letter*



**Development Specialists, Inc.**
Advisory and Fiduciary Services • Corporate Restructuring and Workouts • Interim Management • Insolvency Services

January 17, 2024

**Privileged and Confidential**

John C. Gekas
Saul Ewing LLP
161 North Clark Street
Suite 4200
Chicago, IL 60601

Michael Seese
Seese, P.A.
101 N.E. 3rd Avenue
Suite 1500
Ft. Lauderdale, Florida 33301

      Re:      <u>Retention of Development Specialists, Inc. ("DSI") – MV Realty PBC, LLC et al</u>

Dear Mr. Gekas and Mr. Seese:

      I am writing to confirm our agreement (the "Agreement") concerning the retention of Development Specialists, Inc. ("DSI") to provide consulting expert services and, if requested, testifying expert services to Saul Ewing LLP and Seese, P.A.  ("Counsel"), in connection with Counsel's representation of MV Realty PBC, LLC et al, ("Debtors") in certain litigation (the "MV Realty Litigation").

      1.      <u>Nature of Engagement</u>

      In connection with the MV Realty Litigation, DSI agrees to serve as a consulting expert and, upon request, to provide an expert report and testimony in connection with the Debtors claims and or defenses, as applicable.

      2.      <u>Other Engagement Activities</u>

      DSI agrees that it will not work for or represent any person or entity other than Counsel or Debtors in connection with the MV Realty Litigation.

MIAMI/FT. LAUDERDALE
500 West Cypress Creek Road, Suite 400 • Fort Lauderdale, FL 33309 • Telephone: 305.374.2717 • Fax: 305.374.2718 • www.DSIConsulting.com

NEW YORK • LOS ANGELES • CHICAGO • WILMINGTON • SAN FRANCISCO • COLUMBUS • LONDON

John C. Gekas
Michael Seese
January 17, 2024
Page 2

3.    Relationship of the Parties

DSI will provide expert consulting services to and for the Debtors and Counsel, with select members of DSI assigned to specific roles for the benefit of the Debtors and Counsel. These members will remain as DSI employees during the pendency of this case.

Specifically, the parties intend that an independent contractor relationship will be created by this Agreement. Employees of DSI are not to be considered employees of the Debtors or Counsel and are not entitled to any of the benefits that the Debtors or Counsel provides for their employees, unless written modification is made to this engagement agreement.

The Debtors and Counsel acknowledge that all advice (written or oral) given by DSI to the Debtors and Counsel in connection with DSI's engagement is intended solely for the benefit and use of the Debtors and Counsel, and that no third party is entitled to rely on any such advice or communication. DSI will in no way be deemed to be providing services for any person not a party to this engagement agreement.

Our ability to adequately perform the services is dependent upon you timely providing reliable, accurate and complete necessary information. You acknowledge that we are not responsible for independently verifying the truth, completeness, or accuracy of any information supplied to us by or on behalf of you.

4.    Confidentiality and Communications

a.    All communications from DSI in connection with its work under this Agreement shall be addressed to Counsel except as authorized in writing by Counsel. All documents and other product generated or prepared by DSI in connection with work under this Agreement shall be marked "Privileged and Confidential—Attorney Work Product." DSI may retain copies of materials acquired in the course of this engagement from third parties for future use by DSI, so long as such use is consistent with any protective order or other confidentiality agreement associated therewith.

b.    All documents and other work product prepared by DSI and delivered to Counsel or Debtors under this Agreement (the "Deliverables") shall remain or become the property of Debtors to the extent of DSI's right to convey ownership thereto; provided however, nothing herein shall be construed to assign or transfer any intellectual property rights and works of authorship, and all ideas, concepts, know-how, methods, processes, improvements and derivatives, whether or not copyrightable, used or created by DSI to develop the Deliverables ("DSI Materials") and all such DSI Materials shall be the sole and exclusive property of DSI. To the extent such DSI Materials are delivered with or as part of a Deliverable, they are not assigned to Debtors.



**DSI** Development Specialists, Inc.

John C. Gekas
Michael Seese
January 17, 2024
Page 3

      c.     Documents received by Counsel or other attorneys in the course of the MV Realty Litigation may be subject to a protective agreement or order.  In connection with DSI's activities under this Agreement, DSI agrees to be bound by the terms of any such protective agreement or order, a copy of which shall be given to DSI at the earliest practicable time, so that DSI may have access to such documents and understand its rights and obligations under such agreement or order.

      d.     DSI agrees that all information not publicly available that is received by DSI from the Debtors and Counsel in connection with this engagement or that is developed during this engagement, will be treated as confidential and will not be disclosed by DSI, except as required by Court order, or other legal process, or as may be authorized by the Debtors or Counsel. DSI shall not be required to defend against any action to obtain an order requiring disclosure of such information, but shall instead give prompt notice of any such action to the Debtors, so that you may seek appropriate remedies, including a protective order. The Debtors shall reimburse DSI for all costs and fees (including reasonable attorney's fees and internal time devoted by DSI employees) incurred by DSI whether during the pendency of this engagement or thereafter relating to responding to (whether by objecting to or complying with) any subpoenas or requests for production of information or documents.

5.     <u>Termination</u>

     Counsel may terminate DSI's engagement under this Agreement at any time upon five (5) days' notice in writing.  If the right of termination is exercised, DSI shall, as requested by Counsel, bring to an orderly conclusion any project or projects on which it is then working in connection with this Agreement and deliver any completed work product to Counsel within thirty (30) days of the notice of termination; provided however, the Debtors shall be obligated to pay and/or reimburse DSI all fees and expenses accrued under this agreement as of the effective date of the termination, prior to the delivery of such work product.

6.     <u>Survival</u>

     All parties' obligations under this Agreement, except those specifically limited to the period of DSI's employment during the pendency of the MV Realty Litigation, shall survive the termination or expiration of this Agreement, including the provisions of this agreement relating to indemnification, limitation of liability, the non-solicitation or hiring of DSI employees, and all other provisions necessary to the enforcement of the intent of this agreement.

7.     <u>Return of Materials to Counsel</u>

     Upon DSI's receipt of a written request by Counsel, DSI shall, in its discretion, either destroy or deliver to Counsel all documents and other materials, including all copies thereof, that:



**DSI** Development Specialists, Inc.

John C. Gekas
Michael Seese
January 17, 2024
Page 4

     a.    Have been provided to DSI in connection with its work pursuant to this Agreement,

     b.    Embody or disclose in any way any theories, opinions, facts, data, information, documents, or other materials disclosed or provided to DSI in connection with our work pursuant to this Agreement,

     c.    Have been prepared or are in the process of being prepared by or for it in connection with its work pursuant to this Agreement.

If DSI has not received such written request by Counsel within one year of termination of this Agreement, DSI shall treat such documents in accordance with DSI's then existing document retention policy. In all events, DSI may retain copies of such documents and materials that it deems necessary to address potential post-termination issues, subject to complying with any confidentiality provisions in effect at the time of termination of the Agreement.

8.    <u>Compensation</u>

DSI shall be paid fees based on the time actually spent by its staff members at their standard billing rates (as may be adjusted from time to time) on an hourly basis. DSI's compensation shall be payable without reference to the opinions, if any, formed in this matter or the outcome of any of the MV Realty Litigation. DSI will produce monthly invoices of its fees and expenses, which shall be provided to Counsel for review and Debtors for payment. Invoices shall be paid within fifteen (15) days of the date of receipt by Debtors, and shall be the responsibility of Debtors and not the responsibility of Counsel.

Subject to a Court Order or written agreement providing for an alternative procedure, in the event that the Company disagrees with or questions any amount due under any invoice, the Company agrees to communicate such disagreement to us in writing within 15 days of the invoice date. Any claim not made in writing within the time period will be deemed waived.

DSI also will be entitled to reimbursement for its reasonable costs and expenses. Such costs and expenses may include, among others, charges for messenger services, overnight deliveries, photocopying, travel expenses, conference telephone charges, postage and other charges customarily invoiced by consulting firms. Airfare will be charged at economy/coach fares.



**DSI** Development Specialists, Inc.

John C. Gekas
Michael Seese
January 17, 2024
Page 5

Although the specific members of our staff who will be assigned to this particular project may vary with the tasks to be accomplished, we have listed below certain of the personnel (along with their corresponding 2024 billing rates), who will likely constitute the core group from whom DSI will assemble a team for the MV Realty Litigation. Others, at regular hourly rates, may also be chosen for specific duties and their identities, backgrounds and rates will be discussed with Counsel, and approved by Counsel, as they are assigned to this engagement. Billing rates are adjusted as of January 1st of each year to reflect advancing experience, capabilities, and seniority of our professionals as well as general economic factors. Joseph L. Luzinski will coordinate the assignments of the other consultants and be principally responsible for managing the relationship between DSI and Counsel. Non-working travel time will be billed at one-half the normal hourly rate.

| Bradley D. Sharp | $815 |
| Joseph J. Luzinski | $745 |
| Mark T. Iammartino | $695 |
| Eric J. Held | $625 |
| Nicholas R. Troszak | $620 |
| Spencer G. Ferrero | $470 |

We require a retainer of $50,000.00 with invoices payable within 30 days after issuance.

9.    Conflicts

DSI is not aware at this time of any conflict of interest that would impact our retention. Should DSI become aware of any existing conflict or become aware of a potential conflict that arises in the future, DSI will inform Counsel immediately and take such reasonable measures to resolve the conflict or potential conflict using reasonable best efforts to avoid interfering with our abilities and duty to provide services under this Agreement.

The Debtors, by execution of this agreement, acknowledges and recognizes that DSI's principal activities involve the representation of and provision of consulting and other services to entities who have defaulted on bank and other loans, including acting as an assignee for the benefit of creditors, in matters unrelated to the MV Realty Litigation. The Debtors hereby agrees that it shall not assert DSI's involvement in this engagement as a basis for seeking to disqualify DSI from any engagement unrelated to this engagement.

Notwithstanding the foregoing, the Debtors does not waive its right to seek to disqualify DSI from any engagement that the Debtors determines, in the exercise of commercially reasonable judgment, is both related to this engagement through its relationship with the MV Realty Litigation and is, or could be, adverse to the interest of the Debtors in the matter which is the subject of this engagement letter.



**DSI** Development Specialists, Inc.

John C. Gekas
Michael Seese
January 17, 2024
Page 6

We confirm that no principal or staff of DSI has any financial interest or business connection with the Debtors, and we are aware of no conflicts, in connection with this engagement. Notwithstanding anything to the contrary herein, in no event will DSI represent any party with interests adverse to the Debtors in connection with the MV Realty Litigation without the prior written consent of the Debtors.

10.     Limitation of Liability, Indemnity

The Debtors, effective upon execution of this Agreement, to the fullest extent permitted under applicable law, shall indemnify, hold harmless and defend DSI, and each and every one of the personnel employed by DSI who works on this particular project, as well as DSI officers, directors, employees and agents from and against any and all claims, liability, loss, cost, damage or expense (including reasonable attorney's fees) asserted against it or any of its individual personnel, or incurred by DSI or its personnel, including addressing or responding to a subpoena or Court Order, by reason of or arising out of this engagement letter, or performance under this engagement letter, except where   it is determined in a final judgment by a court of competent jurisdiction (not subject to further appeal) that such liability claim, loss, cost, damage or expense is the direct result of  the willful misconduct, dishonesty, fraudulent act or omission, or gross negligence of any  DSI personnel. Such indemnity shall survive the expiration or termination by either party of this engagement.

Further, DSI shall not be liable to you or the Debtors, or any party asserting claims on behalf of the Debtors, except for direct damages found in a final determination to be the direct result of the bad faith, self-dealing or intentional misconduct of DSI. DSI shall not be liable for incidental or consequential damages under any circumstances, even if it has been advised of the possibility of such damages. DSI's aggregate liability, whether in tort, contract, or otherwise, is limited to the amount of fees paid to DSI for services on this engagement (the "Liability Cap"). The Liability Cap is the total limit of the DSI's aggregate liability for any and all claims or demands by anyone pursuant to this Agreement, including liability to the Debtors, to any other parties hereto, and to any others making claims relating to the work performed by DSI pursuant to this engagement letter.

11.     No Audit

Unless expressly otherwise stated in writing in this agreement, DSI's engagement shall not constitute an audit, review or compilation, or any other type of financial statement reporting engagement that is subject to the rules of AICPA or other such state and national professional bodies. It is beyond the scope of our services to identify deficiencies in recordkeeping practices or procedures, errors or irregularities in financial statements or the Company's books and records.

 Development Specialists, Inc.

John C. Gekas
Michael Seese
January 17, 2024
Page 7

12.     <u>Governing Law</u>

       This Agreement shall be governed by and construed in accordance with the laws of the State of Florida.

13.     <u>Entire Agreement, Amendment</u>

       This Agreement letter contains the entire understanding of the parties relating to the subject matter of this engagement letter and supersedes and is intended to nullify any other agreements, understandings or representations relating to the subject of this engagement letter. This engagement letter may not be amended or modified except in a writing signed by the parties.

       If you are in agreement with the terms and conditions of this engagement letter, I would ask that you indicate your acceptance of the above terms of our engagement by signing this Agreement on the signature lines below, along with the acknowledgement of the Debtors, and then returning the fully executed agreement.

Should you or the Debtors have any questions, please let me know.

Sincerely,

_____
Joseph J. Luzinski, DSI Senior Managing Director

ACCEPTED:

_____      _____
John C. Gekas, Saul Ewing LLP      Michael Seese, Seese, P.A.

ACKNOWLEDGED and AGREED:

_____
Antony Mitchell, Chief Executive Officer of the Debtors


**DSI** Development Specialists, Inc.

EXHIBIT "B"


*Declaration*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| IN RE: | CASE NO. 23-17590-EPK |
|---|---|
| MV REALTY PBC, LLC, *et al.*, | CHAPTER 11 |
| Debtors. | (Joint Administration Pending) |

<u>**SWORN DECLARATION IN SUPPORT OF**</u>
<u>**DEBTORS' *EMERGENCY* APPLICATION FOR**</u>
<u>**ENTRY OF ORDER AUTHORIZING EMPLOYMENT OF**</u>
<u>**DEVELOPMENT SPECIALIST, INC., AS EXPERT WITNESS**</u>

JOSEPH LUZINSKI, under penalty of perjury, states as follows:

1.      I am an adult resident of the State of Florida.

2.      I am a senior managing director with Development Specialist, Inc. ("<u>DSI</u>") with offices located at 500 West Cypress Creek Road, Suite 400, Fort Lauderdale, Florida 33309.

3.      I submit this "Sworn Declaration" in support of the *Debtors' Emergency Application for Entry of Order Authorizing Employment of Development Specialist, Inc., as Expert Witness* (the "<u>Application</u>") in the above-styled Chapter 11 case (the "<u>Case</u>") and Adversary Proceeding (as defined in the Application).

4.      The names, addresses, telephone numbers and e-mails and personnel that are expected to be primarily responsible for these matters are:

Joseph J. Luzinski
Development Specialists, Inc.
500 West Cypress Creek Road
Suite 400
Fort Lauderdale, Florida 33309
Telephone No.: (954) 374-2717
jluzinski@dsiconsulting.com

DSI is well qualified to serve in the manner described in the Application. Generally, DSI will serve as a consulting expert and, upon request, provide expert reports and testimony in connection with the Debtors' claims and/or defenses, including relating to the Debtors' ability to reorganize and the Adversary Proceeding.

5.      Under applicable provisions of the Bankruptcy Code, and subject to the approval of this Court, DSI will be retained by Debtors' counsel to preserve applicable privileges and will be paid directly by the Debtors.

6.      The hourly rates for DSI's personnel range from $470.00 for most junior professionals to $815.00 per hour. My hourly rate is $745.00 per hour.

7.      The hourly rates set forth above are DSI's standard hourly rates charged to all clients. These rates are set at a level designed to compensate DSI fairly for the work of its attorneys and to cover expenses.

8.      It is DSI's policy to charge its clients for all expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone, toll and other charges, regular mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, filing fees, computerized research, transcription costs, and appearance fees. DSI will charge for these expenses in a manner and rates consistent with charges made generally to DSI's other clients or as previously fixed by this Court. DSI

believes that it is fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

9.      DSI acknowledges that any award of compensation and reimbursement of expenses in this case may be subject to approval of the Court in accordance with sections 327(e) and 330(a) of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1. It is understood that the fees and costs incurred by DSI shall be billed to counsel for the Debtors and then requested as reimbursement of costs and payable at 100%, including, without limitation, in accordance with any monthly compensation procedures already approved by the Court. Any and all fees and costs shall be due and payable by the Debtors.

10.     DSI shall not categorize its billing by subject matter and in compliance with the applicable guidelines of the U.S. Trustee's Office as all fees shall relate to the Adversary Proceeding. There are no arrangements between DSI and any other entity to share compensation received or to be received in connection with this Case, except as permitted under Section 504 of the Bankruptcy Code.

11.     Except for the continuing representation of the clients in the Adversary Proceeding, neither I nor the firm has or will represent any other person in connection with this Chapter 11 case or the Adversary Proceeding, and neither I nor the firm will accept any fee from any other party or parties in this case, except as otherwise disclosed by DSI and approved by the United States Bankruptcy Court.

**Section 327(a) Standards:**

12.     Except as otherwise provided herein, to the best of my knowledge, neither DSI nor its personnel hold or represent any interest adverse to the Debtors or the estate in connection with the

matters for which they are being engaged. Moreover, DSI and I are also "disinterested" personas within the meaning of 11 U.S.C. §§ 101(14) and 327(a).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 18, 2024

/s/     *Joseph J. Luzinski*
Joseph J. Luzinski

**EXHIBIT "C"**

***Proposed Order***

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 23-17590-EPK |
| MV REALTY PBC, LLC *et al.*, | CHAPTER 11 |
| Debtors. | (Jointly Administered) |

<u>**ORDER AUTHORIZING EMPLOYMENT**</u>
<u>**OF DEVELOPMENT SPECIALIST, INC.**</u>

**THIS CAUSE** came before the Court on January _____, 2024, at _____, upon the scheduled hearing (the "**Hearing**") on the *Debtors' Emergency Application for Entry of Order Authorizing Employment of Development Specialist, Inc., as Expert Witness* (the "**Application**") [ECF No. _____]. In accordance with the Application, the Debtors seek authority to retain and employ Joseph J. Luzinski ("**Mr. Luzinski**") and Development Specialist, Inc. ("**DSI**") as expert witness and is supported by the

*Sworn Declaration In Support of Debtors' Emergency Application for Entry Of Order Authorizing Employment of Development Specialist, Inc. as Expert Witness* (the "**Declaration**") attached to the Application as **Exhibit "B."**

After reviewing the Application and the Declaration it appears to the Court that Mr. Luzinski and DSI have disclosed any connections with parties in interest in the case as set forth in Fed. R. Bankr. P. 2014 and do not hold or represent any interests adverse to the estate in connection with the matter upon which they are being engaged within the meaning of 11 U.S.C. § 327(a) and are disinterested persons within the meaning of 11 U.S.C. §§ 101(14) and 327(a); and it further appearing that the relief requested in the Application is in the best interests of the Debtors' estate, creditors and other parties in interest and there being no opposition to the relief sought; and, the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334, and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b), venue being proper before this Court pursuant to 28 U.S.C. §§1408 and 1409, and for the reasons stated on the record at the Hearing, it is

**ORDERED** as follows:

1.      The Application is **GRANTED** on a final basis.

2.      The Debtors are authorized to retain and employ Mr. Luzinski and DSI for the purposes set forth in the Application in accordance with the terms and conditions set forth in the Application and in accordance with the terms of this Order.

3.      DSI shall be entitle to invoice Debtors' counsel for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Adversary Proceeding in compliance with the applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, the Local Rules, guidelines established by the Office of the United States

Trustee for the Southern District of Florida and any other applicable procedures and orders of the Court; provided, however, DSI shall not be obligated to categorize its billing as all services shall be incurred in connection with the Adversary Proceeding. Moreover, although DSI shall invoice Debtors' counsel, DSI may be paid directly by the Debtors consistent with the terms and conditions of the Engagement Letter attached as Exhibit "A" to the Application. The amount to which DSI shall be entitled to be paid is 100% of the fees and costs incurred, as such fees and costs would ordinarily be billed as a cost by counsel. Such amounts may be paid as authorized by order of the Court, including any order approving monthly compensation procedures.

4.     The parties are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

5.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by:

Michael D. Seese, Esq.
Seese, P.A.
101 N.E. 3rd Avenue
Suite 1500
Ft. Lauderdale, FL 33301
Telephone No.: (954) 745-5897
mseese@seeselaw.com

Copies to:

Michael D. Seese, Esq., who is directed to serve a copy of this Order upon all non-registered users or registered users who have yet to appear electronically in this case and file a conforming certificate of service.